AMERICAN BUYERS CLUB OF MT. VERNON, ILLINOIS, INC., Plaintiff-Appellant, *v.* LOWELL WOOLRIDGE *et al.*, Defendants-Appellees.

Fifth District   No. 76-195

Opinion filed March 10, 1977.

G. MORAN, J., dissenting.

William Aulgur, of Eldorado, for appellant.

Terry Sharp, of Clark and Sharp, of Mt. Vernon, and Shirley D. Rivers, law student, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The American Buyers Club of Mt. Vernon, Illinois, Inc., brought suit against Lowell Woolridge and Phyllis Woolridge to recover $616.86, the largest portion of which, $456, represented the principal balance on a promissory note, the remainder being late charges and attorney's fees. The court, sitting without a jury, found for the defendants and the plaintiff appeals.

The promissory note executed by the Woolridges was payment for a "lifetime membership" in the plaintiff's club. An "initiation fee" of $39.50 was also paid. The consideration provided by the club was the promise that members would be able to purchase carpet, appliances and furniture at reduced prices through the club as a result of bulk buying by the club due to its large membership. The agent of the club contacted the defendants at their home and an application form, contract and the promissory note was signed there on Thursday, March 20, 1975.

The contract provided, as required by the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par 262B) for a period of three full business days during which to cancel the contract. In this instance the cancellation period expired, as indicated on the contract, on Monday, March 24, 1975. Thus, the days on which the defendants might have cancelled the contract were Friday, Saturday and Monday, March 21, 22 and 24, 1975. There was no testimony that the defendants had attempted at any time before appearing in court to cancel the contract.

The trial court found that the defendants had renounced the contract in open court and that this renunciation was effective since the notice

provision in the contract was not in compliance with the applicable statute (Ill. Rev. Stat. 1975, ch. 121½, par. 262B). This finding of noncompliance was based on the inclusion of Saturday as one of the three full business days referred to in the statute. The court found that Saturday was not, as a matter of law, a full business day.

The plaintiff argues that this finding was incorrect and cites several cases in support of its argument. These cases seem to us, however, not particularly helpful as some are inapposite and others are too limited and bound by the facts of the particular case under consideration to offer guidance in dealing with a question which is so general and the answer to which vitally affects commercial practices in the State of Illinois. We do note, however, one case so cited. In *Rock Finance Co. v. Central National Bank* 339 Ill. App. 319 89 N.E.2d 828, the court discussed at some length the phrase "business day." It concluded that it meant a day upon which business is conducted, as contrasted with holidays and Sundays, and consists of a 24-hour period.

■■ The defendants contend that the trial court's finding was proper and cite many statutes which either recognize the fact that many State offices close for all or for a portion of a day on Saturday or which actually authorize such closing. We are aware that, as defendants point out, many municipal and State offices and banks are closed or open for only part of a day on Saturday. However, we do not find the practices of State and municipal offices or financial institutions sufficient authority for the proposition that Saturday is not, as a matter of law, a business day. We view these practices as instituted for the benefit of employees who would otherwise have no day on which to transact business rather than instituted in recognition of any obsolescence of Saturday as a business day. The defendants urge upon us the fact that the statute is one enacted for the protection of the consumer and that it should be liberally construed to effectuate that purpose. However, the statute provides for three full business days not an indefinite time in which to give notice of cancellation and if the legislature had felt that the inclusion of Saturday as a business day presented a danger from which consumers should be protected they would have included a provision to that effect. Since they did not we are not free to include it by judicial construction. It is such a commonplace of the law as to make citation of authority superfluous that the role of the judiciary is to declare the law not to make it.

■■ ■ It is without doubt the law in Illinois that even consumer contracts, in which there is inevitably a disparity in sophistication and bargaining power between the parties, will be enforced where the applicable statutes have been complied with and there is no evidence of ignorance of the contents of the contract or of fraud, deception or overreaching practices upon the consumer. (*Personal Finance Co. v.*

*Meredith*, 39 Ill. App. 3d 695, 350 N.E.2d 781.) The defendants here did not choose to take advantage of the protection afforded by statute in the form of a three-day cancellation period and cannot belatedly invoke that protection after the period has expired.

The judgment of the circuit court is reversed and remanded for a new trial.

Reversed and remanded.

CARTER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I dissent with the majority in this case for the reasons stated and for those noted in my specially concurring opinion in *American Buyers Club v. Honecker*, 46 Ill. App. 3d 252.